[Cite as *Schneider v. Cuyahoga Cty. Bd. of Commrs.*, 2013-Ohio-1900.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98936**

---

## WILLIAM D. SCHNEIDER, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## CUYAHOGA COUNTY BOARD OF COUNTY COMMISSIONERS, ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-717610

**BEFORE:** Stewart, A.J., Rocco, J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 9, 2013

**ATTORNEY FOR APPELLANTS**

Avery S. Friedman
Avery Friedman & Associates
701 The City Club Building
850 Euclid Avenue
Cleveland, OH    44114


**ATTORNEYS FOR APPELLEES**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Dale F. Pelsozy
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

**{¶1}** For a one-year period running from January 2009 to January 2010, the Cuyahoga County Board of Commissioners offered to its employees a countywide early retirement incentive plan ("plan"), but specifically excluded employees of the sanitary engineering division from participating in the plan. The union representing the sanitary engineering employees brought a taxpayer action against the county alleging that the sanitary engineers were unlawfully excluded from the early retirement plan. In *State ex rel. Teamsters Local Union No. 436 v. Bd. of Cty. Commr.*, 132 Ohio St.3d 47, 2012-Ohio-1861, 969 N.E.2d 224, the Ohio Supreme Court held that the union lacked standing to bring a taxpayer action because it sought a remedy solely for its own benefit and that it failed to exhaust its administrative remedies by taking no further action after the county administrator denied its grievance. At the same time *Teamsters Local Union No. 436* was pending, a group of sanitary engineers led by plaintiff William Schneider asked the court to enjoin the commissioners from implementing the early retirement plan. The commissioners sought dismissal of the complaint because the plaintiffs failed to exhaust their administrative remedies by appealing from an adverse ruling on arbitration as allowed by law. The court stayed the matter pending the resolution of *Teamsters Local Union No. 436*, and upon the issuance of that opinion with its holding relating to the exhaustion of administration remedies, dismissed the complaint.

{¶2} We review a Civ.R. 12(B)(6) motion to dismiss a complaint to determine whether it sets forth any facts establishing a viable claim for relief. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶ 14. We do so by accepting as true all material allegations of the complaint and making all reasonable inferences in favor of the nonmoving party. *Fahnbulleh v. Strahan*, 73 Ohio St.3d 666, 667, 1995-Ohio-295, 653 N.E.2d 1186.

{¶3} Plaintiffs' amended complaint alleged that the 13 plaintiffs were county employees and worked in the Sanitary Engineers Division. They alleged that only an "employing unit" could offer an early retirement plan and that the entire county constituted an employing unit as defined by R.C. 145.297(A)(1). They further alleged that before adopting the plan, the county obtained an opinion from the prosecuting attorney that it would be impermissible for the county to "discriminate" in the implementation of the plan that was made available to some, but not all departments and divisions with the county. The employees alleged that the county implemented a plan that excluded only the sanitary engineers, notwithstanding the prosecuting attorney's legal opinion. The employees alleged that they attempted to enroll in the plan but were not allowed to participate. They also alleged that had they not been "turned away," they would have been eligible to participate in the plan. They asked the court to declare the plan a violation of R.C. 145.297(C), and sought a restoration of their rights under the plan along with monetary damages.

{¶4} The procedural basis for dismissal was that the employees failed to exhaust their administrative remedies by appealing from an adverse decision rendered by the former county administrator on their grievance. R.C. 145.297(B) requires that "[e]very retirement incentive plan shall include provisions for the timely and impartial resolution of grievances and disputes arising under the plan." In *Teamsters Local Union No. 436*, the Supreme Court noted that "Sanitary Engineering Division employees were required to file a grievance with the administrator and to file an R.C. 2506.01 administrative appeal from the administrator's decision, in order to exhaust their administrative remedies." *Id*. at ¶ 21.

{¶5} A failure to exhaust administrative remedies is an affirmative defense to an action. *See Jones v. Chagrin Falls*, 77 Ohio St.3d 456, 462, 1997-Ohio-253, 674 N.E.2d 1388. Because affirmative defenses typically require reference to materials outside the complaint, they are not amenable to disposition by means of a Civ.R. 12(B)(6) motion to dismiss and better suited to disposition by summary judgment. *State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107, 109, 579 N.E.2d 702 (1991).

{¶6} Using these standards of review, we must conclude that dismissal of the complaint was improper. The complaint made no allegations of any kind from which the court could find that the employees failed to exhaust their administrative remedies. The only facts going to administrative remedies were offered in the county's motion to dismiss. That motion relied on facts that were beyond the four corners of the complaint — the motion to dismiss contained exhibits memorializing the adoption of the plan; the

Ohio Public Employees Retirement System's ("OPERS") approval of the plan; a letter from the employees asking for reconsideration of their exclusion from the plan; a letter from the former county administrator addressed to Schneider that denied the grievance; and a deposition transcript of an OPERS supervisor who approved the county's early retirement incentive plan and who gave his opinion that the sanitary engineers were lawfully excluded from participating in the plan. None of this evidence should have been considered for purposes of the motion to dismiss because it required review beyond the four corners of the complaint and the court did not convert the motion to dismiss into a motion for summary judgment.

{¶7} Nevertheless, a court can take judicial notice of appropriate matters when ruling on a Civ.R. 12(B)(6) motion to dismiss without converting it to a motion for summary judgment. *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 26. For example, the courts may take judicial notice of judgments rendered by other courts, when considering a motion to dismiss for failure to state a claim without having to convert it to a motion for summary judgment. *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 15-16, 1996-Ohio-231, 661 N.E.2d 170.

{¶8} In its recitation of the facts in *Teamsters Local Union No. 436,* the Supreme Court stated:

> A few days before passage of the resolution [approving the early retirement incentive plan], some employees of the Sanitary Engineering Division, none of whom were union members, and none of whom are parties to this appeal, had filed a grievance on behalf of all Sanitary Engineering Division employees regarding eligibility for the retirement plan. The county administrator, James McCafferty, held a hearing on the grievance on

January 9, 2009. Approximately 15 Sanitary Engineering Division employees, at least four of whom were union members, attended the hearing and were given an opportunity to be heard. On January 20, 2009, the administrator issued a decision, determining that the Sanitary Engineering Division employees were not permitted to participate in the retirement plan. The administrator mailed the decision to each employee who had attended the hearing, including the four identified union members, Kevin Lesh, Jerry Tharp, Richard Dryer, and Thomas Spracale. None of the employees attempted to appeal the administrator's decision.

*Id.* at ¶ 4.

{¶9} It appears that the non-union employees who filed the grievance referred to in *Teamsters Local Union No. 436* are plaintiffs in this appeal. The letter issued by the former county administrator was addressed to William Schneider, the named plaintiff in this case. And without question, plaintiff Kevin Lesh is the same person named in *Teamsters Local Union No. 436* as one of the union members-sanitary engineers who attended the grievance hearing but failed to exhaust available administrative remedies. As the Supreme Court stated in its opinion, none of these employees, whether union or non-union, sought further review after receiving an adverse decision on their grievance. The court could properly take judicial notice of these facts, especially when the employees in this appeal make no argument that the court erred by considering factual matter beyond the four corners of the complaint before dismissing the action.

{¶10} The danger in dismissing a complaint under Civ.R. 12(B)(6) on grounds that a party has failed to exhaust administrative remedies is that a party who allegedly failed to exhaust administrative remedies is entitled to show that further administrative appeals would have been in vain. *See Nemazee v. Mt. Sinai Med. Ctr.*, 56 Ohio St.3d 109,

114-115, 564 N.E.2d 477 (1990). The employees claim that unlike the union plaintiffs in *Teamsters Local Union No. 436*, they could have mustered evidence to prove why further administrative appeals would have been unavailing.

**{¶11}** The decision in *Teamsters Local Union No. 436* is more emphatic on the issue of whether the union in that case exhausted its administrative remedies than suggested by the employees:

> Neither the decision below nor the appellees explain why it would have been impossible to obtain relief through an administrative appeal, apart from merely stating that the Sanitary Engineering Division employees were excluded from participating in the ERIP. As noted above, the board's ERIP made the grievance process available to the employees, and union-represented employees were given an opportunity to be heard during the grievance hearing. Nothing would have prevented the union from attacking the validity of the ERIP in an administrative appeal.

*Id.* at ¶ 24.

**{¶12}** Although this language suggests that the Supreme Court thought it unlikely that both the union members and the other employees would be able to prove that an administrative appeal would have been a vain act, the fact remains that they were not offered the opportunity to do so. Importantly, *Teamsters Local Union No. 436* was a case that went to trial before the court. *See State ex rel. Teamsters Local Union No. 436 v. Cuyahoga Cty. Commrs.*, 8th Dist. No. 94703, 2011-Ohio-820, ¶ 6. This case, however, was terminated by a Civ.R. 12(B)(6) motion to dismiss, made before the employees had the chance to offer any evidence to show why they did not pursue an administrative appeal from the county administrator's decision upholding the terms of the early retirement plan. And it bears noting that the employees were not required to

"anticipate and attempt to plead around defenses." *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir.2004). Any attempt to resolve the issue of exhaustion of administrative remedies solely on the basis of the complaint was premature.

{¶13} The complaint set forth a viable claim for relief. To resolve the issue of exhaustion of administrative remedies, the court had to go beyond the four corners of the complaint. By doing so, it did not allow the employees to show why further administrative appeals would have been in vain. We therefore sustain the assignment of error.

{¶14} This cause is reversed and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellants recover from appellees their costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MELODY J. STEWART, ADMINISTRATIVE JUDGE

KENNETH A. ROCCO, J., and
KATHLEEN ANN KEOUGH, J., CONCUR