[Cite as *Gallagher v. Stonegate Mtge. Corp.*, 2013-Ohio-5747.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99684**

## DANIEL GALLAGHER

PLAINTIFF-APPELLANT

vs.

## STONEGATE MORTGAGE CORP., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-795102

**BEFORE:** Kilbane, J., S. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** December 26, 2013

**ATTORNEYS FOR APPELLANT**

Brian P. Nally
Anthony M. Catanzarite
Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115

**ATTORNEYS FOR APPELLEES**

Amy Ruth Ita
Robert C. Folland
Barnes & Thornburg, L.L.P.
41 South High Street
Suite 3300
Columbus, Ohio 43215

Michael Gottschliche
Barnes & Thornburg, L.L.P.
11 South Meridian Street
Indianapolis, Indiana 46204

MARY EILEEN KILBANE, J.:

{¶1} Plaintiff-appellant, Daniel Gallagher ("Gallagher"), appeals the trial court's judgment granting a motion to dismiss in favor of defendants-appellees, Stonegate Mortgage Corp. ("Stonegate") and James Cutillo ("Cutillo") (collectively referred to as "defendants"). For the reasons set forth below, we reverse and remand.

{¶2} On November 6, 2012, Gallagher filed a complaint against defendants, asserting claims for defamation and deceptive trade practices. Between 2007 and 2010 Gallagher was employed by Neighborhood Mortgage Consultants ("Neighborhood Mortgage"). Neighborhood Mortgage had a business relationship with Stonegate, in which Stonegate would process loans originated by Neighborhood Mortgage. Cutillo is Stonegate's chief executive officer.

{¶3} Prior to filing this complaint, Gallagher, in his capacity as president of DBG Holdings & Management, Ltd. ("DBG Holdings"), filed two small claims actions against Stonegate, alleging Stonegate interfered with his employment relationship with Neighborhood Mortgage. DBG Holdings and Stonegate reached a settlement agreement in August 2010. Gallagher alleges that shortly after their settlement, Cutillo stated to others that he wanted to "bury [Gallagher] in the backyard of a house." Gallagher then alleges that Stonegate contacted Neighborhood Mortgage, and on that same day, he was fired from Neighborhood Mortgage.

{¶4} Gallagher further alleges that after he filed his small claims actions, Cutillo wrote a letter to the United States Department of Housing and Urban Development

("HUD") on November 7, 2011. In that letter, Gallagher alleges that Cutillo "published false and misleading information about [Gallagher] and his conduct in the course of performing his business operations." Gallagher claims that Cutillo advised HUD that Gallagher "may have improperly received money from the purchase of one of his homes in the form of a 'side agreement,' which [Cutillo] represented to be a potential violation of HUD requirements governing whether loans qualify for FHA insurance." He further claims that Cutillo misrepresented his role in the underlying transaction by greatly exaggerating Gallagher's scope to provide the appearance that he was involved in unlawful conduct or conduct that was inconsistent with requirements governing whether loans qualify for FHA insurance.

{¶5} In his defamation claim, Gallagher alleges defendants knowingly made a false and misleading publication to HUD, a third-party. He further alleges that these statements were made with malice and reckless disregard for his well-being. In his deceptive trade practices claim, Gallagher alleges that Stonegate, by virtue of Cutillo's actions, is liable for the deceptive trade practices performed by Cutillo in harming his professional reputation.

{¶6} In response, defendants filed a motion to dismiss, arguing Gallagher failed to state a claim upon which relief can be granted because: (1) his claims are barred by the statute of limitations; (2) he failed to allege a false statement of fact; (3) the alleged defamation is subject to a qualified privilege; and (4) personal jurisdiction does not exist

over Cutillo. Gallagher opposed the motion. In February 2013, the trial court granted defendants' motion.

**{¶7}** It is from this order that Gallagher now appeals raising the following single assignment of error for review.

## Assignment of Error

The trial court incorrectly granted defendants' motion to dismiss and in so doing incorrectly dismissed [Gallagher's] complaint.

## Motion to Dismiss

**{¶8}** In the sole assignment of error, Gallagher argues the trial court erred by granting defendants' motion to dismiss. We apply a de novo standard of review to the trial court's granting of a motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5, citing *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136. Under this standard of review, we must independently review the record and afford no deference to the trial court's decision. *Herakovic v. Catholic Diocese of Cleveland*, 8th Dist. Cuyahoga No. 85467, 2005-Ohio-5985, ¶ 13.

**{¶9}** In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff to relief. *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975).

**{¶10}** In resolving a Civ.R. 12(B)(6) motion, a court's factual review is confined to the four corners of the complaint. *Grady v. Lenders Interactive Servs.*, 8th Dist. Cuyahoga No. 83966, 2004-Ohio-4239, ¶ 6. Within those confines, a court accepts as true all material allegations of the complaint and makes all reasonable inferences in favor of the nonmoving party. *Fahnbulleh v. Strahan*, 73 Ohio St.3d 666, 667, 1995-Ohio-295, 653 N.E.2d 1186. "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991).

Statute of Limitations

**{¶11}** First, Gallagher argues the trial court erred when it dismissed his claims as untimely.[1] Gallagher's defamation and deceptive trade practices claims have a one-year statute of limitations. *See* R.C. 2305.11(A); *Lasmer Indus., Inc. v. AM Gen., LLC*, 741

---

[1]The trial court did not provide a written explanation as to the basis for the dismissal, however, Gallagher states in his appellate brief that: "[d]uring a February 20th hearing, * * * the trial court advised the parties that its ruling was based on the determination that Gallagher's claims were barred by the applicable statute of limitations."

F.Supp.2d 829, 839 (S.D.Ohio 2010) (deceptive trade practices claim based on disparaging statement must be brought within a one-year statute of limitations.)

{¶12} In the instant case, Gallagher filed his complaint on November 6, 2012, alleging that on November 7, 2011, Cutillo "published false and misleading information about [Gallagher] and his conduct in the course of performing his business operations." He further alleges that Stonegate is liable for the deceptive trade practices performed by Cutillo in harming his professional reputation.

{¶13} In defendants' motion to dismiss, defendants argue that Gallagher's claims are outside the statute of limitation because Stonegate initially sent its correspondence containing the alleged defamatory statements to HUD on September 9, 2011. Defendants attached a copy of the September 9, 2011 letter to their motion to dismiss. In that letter, Cutillo stated to HUD that Gallagher may have been involved in a side agreement between him and the buyer of the loan. Defendants claim the November 7, 2011 letter was written only in response to HUD's directions. Defendants, relying on *T.S. v. Plain Dealer*, 194 Ohio App.3d 30, 2011-Ohio-2935, 954 N.E.2d 213 (8th Dist.), argue that Gallagher should have filed suit within one year of September 9, 2011 because the statute of limitations began to run at the first publication of the alleged defamatory statement. Gallagher argues that the trial court erroneously relied on this evidence, which was outside of the four corners of the complaint when it granted defendants' motion to dismiss.

**{¶14}** We note that "[a] complaint may not be dismissed under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations unless the complaint on its face conclusively indicates that the action is time-barred." *Harris v. Pro-Lawn Landscaping, Inc.*, 8th Dist. Cuyahoga No. 97302, 2012-Ohio-498, ¶ 7 citing *Ohio Bur. of Workers' Comp. v. McKinley,* 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814. Civ.R. 12(B)(6) provides:

> When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in [Civ.R.] 56.

**{¶15}** The trial court's decision, in the instant case, to grant defendants' motion to dismiss on statute of limitations grounds involves consideration of evidence outside the complaint. Before the trial court could consider the September 9, 2011 letter, it was required to notify all the parties that it was converting defendants' motion to dismiss for failure to state a claim into a motion for summary judgment, as provided for in Civ.R. 12(B)(6). *See Northpoint Properties, Inc. v. Petticord*, 179 Ohio App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869, ¶ 17 (8th Dist.), citing *Petrey v. Simon*, 4 Ohio St.3d 154, 447 N.E.2d 1285 (1983). Gallagher's complaint alleged the defamatory act occurred on November 7, 2011, that is within the one-year statute of limitations. Therefore, the complaint, on its face, does not conclusively indicate that the action is

time-barred, and the trial court prematurely granted defendants' motion to dismiss on both the defamation and deceptive trade practices claims.

## Defamation Claim

{¶16} Second, Gallagher argues that his complaint properly alleges a claim for defamation. In defendants' motion to dismiss, defendants argued that Gallagher failed to state a claim for defamation because Gallagher failed to allege a false statement of fact.

{¶17} To establish a claim for defamation, a plaintiff must show: (1) a false statement of fact that was made about the plaintiff, (2) the statement was defamatory, (3) the statement was published, (4) the plaintiff suffered injury as a proximate result of the publication, and (5) the defendant acted with the requisite degree of fault in publishing the statement. *Sullins v. Raycom Media, Inc.*, 8th Dist. Cuyahoga No. 99235, 2013-Ohio-3530, 996 N.E.2d 553, ¶ 15, citing *Am. Chem. Soc. v. Leadscope, Inc.*, 133 Ohio St.3d 366, 390, 2012-Ohio-4193, 978 N.E.2d 832.

{¶18} In the instant case, Gallagher alleges defendants knowingly made a false and misleading publication to HUD, a third-party. Specifically, that "Cutillo advised HUD that [Gallagher] may have entered into a 'side agreement' with the purchaser of one of his homes and by intentionally or negligently misstating [Gallagher's] role in the underlying transaction." He further alleges that these statements were per se defamatory and made with malice and reckless disregard for his well-being. As a result, he alleges that he has been injured personally, socially, and professionally and seeks damages.

**{¶19}** Ohio generally follows notice pleading requirements. *State ex rel. Cincinnati Enquirer v. Ronan*, 124 Ohio St.3d 17, 2009-Ohio-5947, 918 N.E.2d 515, ¶ 7, citing *State ex rel. Williams Ford Sales, Inc. v. Connor*, 72 Ohio St.3d 111, 1995-Ohio-87, 647 N.E.2d 804. Under these requirements, "a plaintiff is not required to prove his or her case at the pleading stage. * * * [A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York,* 60 Ohio St.3d at 144-145, 573 N.E.2d 1063. Therefore, accepting Gallagher's factual allegations to be true and drawing all reasonable inferences in his favor, we find that he sufficiently stated a claim for defamation.

## Qualified Privilege

**{¶20}** Third, Gallagher argues there is no legal basis to dismiss his defamation claim under defendants' qualified privilege argument. "In an action for defamation, the plaintiff's prima facie case is made out when he has established a publication to a third person for which defendant is responsible, the recipient's understanding of the defamatory meaning, and its actionable character." *Hahn v. Kotten*, 43 Ohio St.2d 237, 243, 331 N.E.2d 713 (1975). Defendant may then invoke various defenses, if available. One of these is known as "qualified privilege." *Id.*

> [A] communication is qualifiedly privileged when it is "'made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a duty * * * if made to a person having a corresponding interest or duty, even though it contains matter which, without this privilege, would be actionable[.]'" [*Hahn* at 246]. The elements needed to prove a privilege are "'good faith, an interest to be

upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties only.'" *Id.*

*Georgalis v. Ohio Turnpike Comm.*, 8th Dist. Cuyahoga No. 94478, 2010-Ohio-4898, ¶ 25. A qualified privilege, however, "'does not change the actionable quality of the words published, but merely rebuts the inference of malice that is imputed in the absence of privilege, *and makes a showing of falsity and actual malice essential to the right of recovery.*'" (Emphasis sic.) *Hahn* at 244, quoting American Jurisprudence 2d 698, Libel and Slander, Section 195. Because "qualified privilege" only affects the burden of proof related to establishing malice and does not change the actionable quality of the defamation claim, it cannot be used in the instant case as a basis to dismiss the complaint.

### Personal Jurisdiction — Cutillo

{¶21} Finally, defendants sought to dismiss Gallagher's complaint for lack of personal jurisdiction over Cutillo. When the defense of lack of personal jurisdiction is asserted, the plaintiff has the burden to establish the court's jurisdiction. While factual allegations are construed in his favor, the plaintiff must nevertheless first plead or otherwise make a prima facie showing of jurisdiction over the defendant's person. *Marvel Consultants, Inc. v. Friedman & Feiger*, 8th Dist. Cuyahoga No. 82637, 2003-Ohio-5249, ¶ 6.

{¶22} The determination of whether the court has personal jurisdiction over a nonresident defendant involves a two-step process:

> (1) whether the long-arm statute [R.C. 2307.382] and the applicable rule of civil procedure [Civ.R. 4.3] confer jurisdiction and, if so, (2) whether the exercise of jurisdiction would deprive the nonresident defendant of the right to due process of law under the Fourteenth Amendment to the United States Constitution. *U.S. Sprint Communications Co. Ltd. Partnership v. Mr. K's Foods, Inc.*, 68 Ohio St.3d 181, 183-184, 1994-Ohio-504, 624 N.E.2d 1048.

*Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551, 930 N.E.2d 784, ¶ 28.

{¶23} The Due Process Clause of the Fourteenth Amendment mandates that a court exercise jurisdiction only if the defendant has sufficient minimum contacts with the state such that summoning the party to Ohio would not offend the "'traditional notions of fair play and substantial justice.'" *Internatl. Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In determining whether a defendant has the necessary minimum contacts with the forum, a court should consider "'the number of contacts, the nature and quality of the contacts, the source and connection between the cause of action and the contacts, the interest of the forum state [,] and the convenience of the parties.'" *Natl. City Bank v. Yevu*, 178 Ohio App.3d 382, 2008-Ohio-4715, 898 N.E.2d 52, ¶16 (8th Dist.), quoting *M & W Contrs., Inc. v. Arch Mineral Corp.* 335 F.Supp. 972 (S.D.Ohio 1971). The constitutional touchstone is whether the nonresident defendant purposely established contacts in the forum state such that the defendant should reasonably anticipate being hauled into court in that state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

{¶24} In the instant case, the complaint alleges that Cutillo is the chief executive officer of Stonegate and a resident of Indiana. Stonegate has its principal place of business in Mansfield, Ohio. Gallagher alleges that "Cutillo, individually and as an agent [of] Stonegate, made a false and misleading publication to a third party, HUD, when he advised HUD that [Gallagher] may have entered into a 'side agreement' with the purchaser of one his homes[.]" He further alleges that Cutillo is an "authorized agent of the company. * * * Cutillo used his position at Stonegate to defame [Gallagher]."

{¶25} Based on these allegations, we find that Gallagher made the prima facie showing of jurisdiction over Cutillo. R.C. 2307.382 and Civ.R. 4.3 confer personal jurisdiction over Cutillo and the assertion of personal jurisdiction over Cutillo comports with the Due Process Clause of the Fourteenth Amendment. It cannot be said from the face of the complaint that Cutillo, as an agent of Stonegate, a company that conducts business in Ohio, did not purposely establish contacts in the forum state such that Cutillo should not reasonably anticipate being hauled into an Ohio court.

{¶26} Accordingly, the sole assignment of error is sustained.

{¶27} Judgment is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

SEAN C. GALLAGHER, P.J., and
PATRICIA A. BLACKMON, J., CONCUR