Guccione et al. *v.* Hustler Magazine et al.

(No. 77CV-04-1692—Decided May 15, 1978.)

Court of Common Pleas of Franklin County.

*Mr. Roy Grutman* and *Mr. Herbert R. Brown,* for plaintiffs.

*Mr. C. William Brownfield,* for defendants.

Wright, J.  Defendant has filed a motion for summary judgment pursuant to Civ. R. 56, contending that plaintiff's actions for libel and invasion of privacy are barred by the one year statute of limitations set forth in R. C. 2305.11. In dealing with the libel branch of the motion, it appears that the copyright registration and the affidavits submitted by plaintiff establish that the alleged libelous publication was available to the general public for approximately thirteen months prior to the filing of this complaint. Plaintiff counters this uncontroverted fact with the affidavit of an enthusiast of Hustler Magazine who obtained a copy of the publication in June, 1977. Plaintiff asserts that the one year statute under R. C. 2305.11 does not commence to run from the date of the first publication but from the date of any publication which is reprinted or redistributed by defendant.

R. C. 2305.11 does not address itself to the problem presented here with any specificity. The determining factor in R. C. 2305.11 is not publication or republication but accrual of the cause of action. Plaintiff argues that the failure of the Ohio legislature to adopt the Uniform Single Publication Act evinces a legislative intent to not modify the common law rule set forth in *Duke of Brunswick* v. *Harmer* (1849), 14 Q.B. 185, 117 Eng. Rep. 75. Such legislative intent as may be derived

from the non-adoption of a largely non-adopted act is shadowy at best, and probably worthless. The court believes it must stay with R. C. 2305.11 and the accrual rule as it finds it.

A cause of action accrues when the right to prosecute it begins. In terms of publications, it seems clear that the right to file suit on a cause of action for libel accrues upon the first publication of the matter complained of. To adopt the accrual rule advocated by plaintiff would result in an interpretation of R. C. 2305.11 in which the statute of limitations would never toll in libel cases so long as there were available issues of the alleged libelous publications. This court holds that publication is complete, as it relates to R. C. 2305.11, at the time such issue is mailed to subscribers and delivered to news dealers. Thus any libel action based upon alleged defamatory matter appearing in the magazine must be brought within the statutory period of time computed from that date, regardless of the later mailing of reserved copies. The court grants summary judgment on this issue in favor of the defendant.

The defendant's motion for summary judgment on count two, which is unstyled but claims an invasion of privacy, is overruled. It does not appear that is an attempt to state a claim barred by R. C. 2305.11. Indeed, the applicable statute of limitations would seem to be R. C. 2305.09(D). The recognition of the claim in *Housh* v. *Peth* (1956), 165 Ohio St. 35, renders *A. L. Englander Motor Co.* v. *DeGaetano* (1929), 120 Ohio St. 443, outdated in many respects. The court is not unaware of the problem of "disguised" causes of action. Without some communication it would be impossible to commit the tort of invasion of privacy. Defendant argues that since the gist of the offense is communicative, the cause of action must necessarily merge with libel. However, the holding in *Housh, supra,* and the opinion in *Cantrell* v. *Forest City Publishing Co.* (1974), 419 U. S. 245, render this discussion largely academic.

Defendant also suggests that the privacy interests of Robert Guccione are not to be afforded legal protection by virtue of his claimed lack of virtue. However, the depths to which one must go to invade the private world of plaintiff is simply not a question for the court but rather for the jury.

*Judgment accordingly.*