838 F.2d 472
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Curtis L. WRENN, Plaintiff-Appellant,
v.
DEPARTMENT OF MENTAL HEALTH, State of Ohio; Donald E.
Widmann, M.D., Individually and Official Capacity; Timothy
B. Moritz, M.D., Individually and Official Capacity; Myers
R. Kurtz, Individually and Official Capacity, Defendants-Appellees.
 No. 87-3437.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1988.
 
 Before ENGEL, CORNELIA G. KENNEDY, and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiff, a black male, appeals the judgment in the defendants' favor in this Title VII action. That judgment dismissed the plaintiff's employment discrimination action based on the factual findings of the district court in an earlier Title VII action filed by the plaintiff. In that earlier action, the district court found that the defendants discharged the plaintiff from his position as superintendent of the Toledo Mental Health Center for a legitimate, nondiscriminatory reason. The district court further found that the plaintiff had failed to prove that the defendants' stated reason was a pretext for discrimination. Because the defendants in this action relied on the same reason for their refusal to rehire the plaintiff, the district court applied the doctrine of collateral estoppel to hold that the plaintiff's claims were foreclosed by its earlier findings.
 
 
 3
 On appeal, the plaintiff argues that the doctrine of collateral estoppel does not apply because the earlier Title VII action is dissimilar from the present action in its facts and issues. We disagree with this position. The district court properly applied the doctrine of collateral estoppel under the four criteria this court recently discussed in Detroit Police Officers Association v. Young, 824 F.2d 512, 515 (6th Cir.1987). No additional issues were raised by the plaintiff which would have prevented the district court from dismissing his action. The plaintiff's claim of conspiracy under 42 U.S.C. Sec. 1985(3) was not cognizable given its vague, conclusory nature. Smith v. Rose, 760 F.2d 102 (6th Cir.1985). The plaintiff's pendent state claim for libel likewise was meritless in that it was clearly barred by the one year statute of limitation for libel actions imposed under Ohio Rev.Code Sec. 2305.11. Guccione v. Hustler Magazine, 64 Ohio Misc. 59, 413 N.E.2d 860, 861 (Cty.Com.Pl.1978).
 
 
 4
 Accordingly, the judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.