[Cite as *T.S. v. Plain Dealer*, 194 Ohio App.3d 30, 2011-Ohio-2935.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96201

**T.S.,**

APPELLANT,

v.

**THE PLAIN DEALER ET AL.,**

APPELLEES.

**JUDGMENT:
AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-736330

**BEFORE:** Sweeney, P.J., Rocco, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 16, 2011

T.S., R.N., and D.V.M., pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Michael A. Dolan, Assistant Prosecuting Attorney, for appellee Timothy Hagan**.**

Davis & Young and David J. Fagnilli, for appellee Cleveland Public Library.

Baker Hostetler, L.L.P., Melissa A. DeGaetano, and Louis A. Colombo, for appellees Terry Holthaus and The Plain Dealer Publishing Company.

JAMES J. SWEENEY, P.J.

{¶ 1} Plaintiff-appellan[1] appeals the trial court's decisions that granted appellees' motions to dismiss her claims against them. For the reasons that follow, we affirm.

{¶ 2} Plaintiff's complaint avers that a certain article, which was published by the Cleveland Plain Dealer in 1990, contained false information about her and was recently made available on the Internet via the Google search engine. Plaintiff contends that she has suffered emotional distress and embarrassment for the past 20 years and continues to do so as a

---

[1]Plaintiff is not identified in this appeal to accommodate her interests and avoid further dissemination of the allegedly harmful material.

consequence of the alleged defamatory material and the accessibility of it on the Internet.[2]

**{¶ 3}** Plaintiff commenced suit on September 9, 2010, against the following defendants: The Plain Dealer; Terry Holthaus, journalist; The Cleveland Public Library; Timothy Hagan, Mary O. Boyle, Virgil Brown (in their official capacities as present or former Cuyahoga County Commissioners); and Myers Rollins. [3]  All the defendants moved for dismissal.[4]  Among other bases, the defendants maintained that the claims were barred by the statute of limitations. Plaintiff maintained that the statute of limitations had not expired due to republication or an application of the continuing-conduct doctrine.  The trial court granted the defendants' motions, which plaintiff is appealing.

**{¶ 4}** Plaintiff's sole assignment of error asserts, "The trial court erred in dismissing Appellant's action against all Defendants for all argument presented below."

---

[2]At oral argument, it was represented that the subject material is no longer accessible on the Internet by the means identified in the complaint.

[3] Plaintiff's complaint identifies Rollins as the "labor relations chief" for Cuyahoga County.

[4]There was some confusion as to whether the claims against Myers Rollins were dismissed, which dismissal was clarified by the trial court's order dated January 27, 2011.

**{¶ 5}** We review a ruling on a motion to dismiss under a de novo standard. "[W]hen ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6), the trial court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the non-moving party." *McIntyre v. Rice*, Cuyahoga App. No. 81339, 2003-Ohio-3940, ¶ 13.

**{¶ 6}** Liberally construing plaintiff's complaint, we note that it alleges claims for intentional infliction of emotional distress, invasion of privacy, and defamation. The four-year statute of limitations applies to claims for intentional infliction of emotional distress and invasion of privacy. R.C. 2305.09(D). The one-year statute of limitations applies to defamation claims. R.C. 2305.11(A).

**{¶ 7}** It is well settled that "[i]n terms of publications * * * the right to file suit on a cause of action for libel accrues upon the first publication of the matter complained of." *Guccione v. Hustler Magazine* (1978), 64 Ohio Misc. 59, 60, 413 N.E.2d 860; *Myles v. Johnson*, Montgomery App. No. 21600, 2007-Ohio-2963, ¶ 16; *Singh v. ABA Publishing*, Franklin App. No. 02AP-1125, 2003-Ohio-2314, ¶ 23; see also *Wallace v. Rocky River* (Mar. 6, 1980), Cuyahoga App. Nos. 40597, 40737, and 40863. This is commonly referred to as the "single publication rule."

**{¶ 8}** Plaintiff's claims are based on an article that was published by the Plain Dealer on September 20, 1990. According to the complaint, this article "surged as an online reference" within the 12 months preceding the filing of the complaint. It is plaintiff's belief that this brings her complaint within the applicable statute of limitations. Ohio courts have rejected this argument and reasoned, "To adopt the accrual rule advocated by plaintiff would result in an interpretation of R.C. 2305.11 in which the statute of limitations would never toll in libel cases so long as there were available issues of the alleged libelous publications." *Guccione*, 64 Ohio Misc. at 60; *Singh*, 2003-Ohio-2314, ¶ 23.[5]

**{¶ 9}** In this case, there is no allegation that any changes or modifications were made to the 1990 article. The point of contention is that it was recently made available on the Internet.

**{¶ 10}** Plaintiff asserts, and we have no reason to disbelieve, that she was blind-sided by the 20-year-old article during a recent employment interview. We are sympathetic to plaintiff's predicament — namely, that advancements in technology, such as Internet accessibility of news material,

---

[5]Although the court in *Guccione* found that the invasion-of-privacy claim was timely, that was due to a longer statute of limitations that applied to it. The accrual date of the invasion-of-privacy claim was still based upon the initial publication of the magazine. Here, approximately 20 years had passed since the publication of the article and all claims are time barred regardless of whether the four- or one-year limitations period is applied.

has essentially guaranteed ready access to anyone with an interest to search for it. It is unlikely that plaintiff would have appreciated the advancements in technology when she opted not to pursue these claims 20 years ago when they were ripe for disposition. Nonetheless, the law does not permit an extension of the statute of limitations under these circumstances.

{¶ 11} The majority of courts addressing the statute of limitations in the context of republication on the Internet have adhered to the single-publication rule. See, e.g., *Churchill v. State* (2005), 378 N.J. Super. 471, 876 A.2d 311, (finding that mere modifications to the way information is accessed, as opposed to changes in the nature of the information itself, does not constitute republication); *Firth v. State* (2002), 98 N.Y.2d 365, 369-370.

{¶ 12} In this case, there were no alterations made to the article, it was not singled out for republication but was allegedly linked to the Internet via a library-indexing system, and the material was removed upon plaintiff's complaint to the various entities. The article was disseminated into the public domain 20 years ago. Although making a news article accessible on the Internet arguably increases its circulation, this is not a basis for deviating from the single-publication rule and extending the statute of limitations. See *Hebrew Academy of San Francisco v. Goldman* (2007), 42 Cal.4th 883, 173 P.3d 1004 ("the single-publication rule applies not only to books and newspapers that are published with general circulation * * *, but also to

publications * * * that are given only limited circulation and, thus, are not generally distributed to the public"). For all these reasons, we hold that there is no valid basis to depart from the settled law in Ohio that provides that the initial date of publication triggers the statute of limitations for causes of action based on allegedly defamatory materials. Plaintiff's causes of action accrued in 1990, and the claims filed in this case that are based upon the 1990 news article(s) are time barred.

Judgment affirmed.

_____

ROCCO and GALLAGHER, JJ., concur.