[Cite as *Kienow v. Cincinnati Children's Hosp. Med. Ctr.*, 2015-Ohio-4396.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

GLORIA KIENOW,                          :          APPEAL NO. C-140720
                                                            TRIAL NO. A-1403720
   Plaintiff-Appellant,           :

                                                              *O P I N I O N.*
  vs.                                        :

CINCINNATI CHILDREN'S                :
HOSPITAL MEDICAL CENTER,
                                                       :
  and

MARY ANNE MORRIS,                     :

   Defendants-Appellees.          :


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause
                         Remanded

Date of Judgment Entry on Appeal:  October 23, 2015


*Tobias, Torchia & Simon* and *David Torchia*, for Plaintiff-Appellant,

*Frost Brown Todd LLC*, *Jill P. Meyer* and *Matthew O. Wagner*, for Defendants-Appellees.


Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1} This is an appeal of a trial court judgment dismissing a lawsuit filed by an employee against her former employer and supervisor. We conclude that two claims asserted by the former employee—defamation and negligent supervision—were properly dismissed because they were barred by the statute of limitations. But the court erred when it dismissed a claim for tortious interference, which was not barred by the statute of limitations. We therefore affirm the court's judgment in part, but reverse as to the tortious-interference claim.

## I. Background

{¶2} On June 23, 2014, Gloria Kienow filed a complaint alleging defamation, negligent supervision and tortious interference against Cincinnati Children's Hospital Medical Center ("Cincinnati Children's") and Mary Anne Morris. The defendants filed a Civ.R. 12(B)(6) motion to dismiss the claims based on statute-of-limitations and other grounds. The court dismissed all the claims.

{¶3} Because the trial court dismissed the claims pursuant to Civ.R. 12(B)(6), we must take as true the facts stated in the complaint. Thus, the following recitation comes from the allegations of Kienow's complaint.

{¶4} From November 2006 to July 2011, Ms. Kienow worked at Cincinnati Children's and was supervised by Morris. While employed by Cincinnati Children's, Ms. Kienow sought transfers and promotions within the hospital as well as positions at other hospitals. She was unsuccessful in her pursuit. Sometime prior to April 2010, during a meeting with a human resources manager at Cincinnati Children's, Ms. Kienow learned that Morris had put what Kienow describes as "false, negative and misleading information" in her personnel file. The manager agreed that the information should be

2

removed from Kienow's file. Despite Kienow's follow-up with the human-resources department, the information remained in her personnel file. Because Cincinnati Children's failed to take action to redress Morris's actions, Ms. Kienow resigned from her position in July 19, 2011.

{¶5} Following her resignation, Ms. Kienow sought employment at other hospitals. In late December 2011 or early January 2012, she received a verbal offer of employment from Dayton Children's Hospital ("Dayton Children's"). A week later, however, the verbal offer was rescinded. In late 2013, Ms. Kienow learned that, in January 2012, Morris had made negative, misleading and false statements about her to the hiring manager at Dayton Children's, and that as a result, the hospital had not hired her.

## II. The Statute of Limitations Barred the Defamation Claim

{¶6} In a single assignment of error, Ms. Kienow asserts that the trial court erred when it dismissed her lawsuit. We begin our consideration with her claim for defamation.

{¶7} The statute of limitations for defamation is one year. R.C. 2305.11. Ms. Kienow claims that Morris made defamatory statements on two occasions—when she put allegedly false information in Kienow's personnel file prior to April 2010 and when she relayed information to the hiring manager at Dayton Children's in January 2012. Both instances occurred more than a year before Kienow filed her complaint.

{¶8} Ms. Kienow attempts to avoid application of the statute by pointing out that she didn't learn of Morris's statements to Dayton Children's until late 2013. But an action for defamation accrues on the date of publication; there is no discovery rule for defamation. *See Reed v. Jagnow*, 7th Dist. Mahoning No. 12 MA 201, 2013-Ohio-2546,

¶ 25. Because Kienow's claim for defamation accrued more than one year before she filed her complaint, it was barred by the statute of limitations.

### III. The Negligent-Supervision Claim was Properly Dismissed

{¶9} Kienow's negligent-supervision claim against Cincinnati Children's was likewise barred by the statute of limitations. The applicable of statute of limitations for the tort of negligent supervision is four years. *See* R.C. 2305.09(D). In her complaint, Ms. Kienow cites as "negligent supervision" two instances when she protested to Cincinnati Children's about Morris's conduct, and the hospital failed to act. According to the complaint, Kienow's complaints to the hospital and its failure to act happened in April 2010 or earlier—more than four years before she filed the lawsuit. Thus, the claim for negligent supervision was untimely and properly dismissed by the trial court.

### IV. The Complaint Stated a Claim for Tortious Interference

{¶10} Ms. Kienow also alleged that by making false, misleading and negative statements about her, Morris tortiously interfered with her employment at Cincinnati Children's and with her job prospects at Dayton Children's, and that Cincinnati Children's ratified the conduct. Cincinnati Children's contends that the claim was properly dismissed because it was untimely and because the complaint did not plead facts to overcome the statutory privilege allowed employers who disclose job-performance information about former employees.

### A. A Four-Year Statute of Limitations Applies

{¶11} We first determine the applicable statute of limitations. Ms. Kienow argues that because the claim was for tortious interference, the four-year statute of limitations applies. *See* R.C. 2305.09(D). Cincinnati Children's counters that the claim was really a "disguised defamation," subject to a one-year statute of limitations. *See* R.C. 2305.11.

4

{¶12}   When determining which statute of limitations applies, "courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded." *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 464 N.E.2d 1298 (1984). Thus, in *Worpenberg v. The Kroger Co.*, 1st Dist. Hamilton No. C-010381, 2002-Ohio-1030, we looked to the nature of what was identified as a "damage-to-reputation" claim and determined that it was really a defamation claim subject to a one-year statute of limitations. We reasoned that "[a] claim is 'complete under defamation' if, under the facts, it hinges upon the defendant communicating something by speech or conduct." *Id.* at *17, citing Silbaugh, *Sticks and Stones Can Break My Name: Nondefamatory Negligent Injury to Reputation*, 59 U.Chi.L.Rev. 865, 868 (1992). Because the "damage-to-reputation" claim was "expressly premised upon a 'communication,' " it was a defamation claim. *Id.* at *18.

{¶13}   Cincinnati Children's insists that, as in *Worpenberg*, Kienow's tortious-interference claim was based on Morris's communication and so should also be considered a defamation claim. But to conclude that *Worpenberg* means that any claim involving communication is necessarily a defamation claim reads our decision in the case too broadly. The nature of the "damage to reputation" claim in *Worpenberg* was precisely the nature of a defamation claim—"a false and malicious publication against an individual made with an intent to *injure his reputation* or to expose him to public hatred, contempt, ridicule, shame, or disgrace or to affect him injuriously in his trade, business or profession." (Emphasis added.) *Robb v. Lincoln Publishing (Ohio), Inc.*, 114 Ohio App.3d 595, 616, 683 N.E.2d 823 (12th Dist.1996). In contrast, the nature of a tortious-interference claim goes beyond damage to reputation. "The basic principle of such an action is that one who, without a privilege to do so, induces or otherwise purposely causes a third party not to enter into, or continue, a

business relationship with another, or perform a contract with another is liable to the other for the harm caused thereby." *Juhasz v. Quik Shops, Inc.*, 55 Ohio App.2d 51, 57, 379 N.E.2d 235 (9th Dist.1997). Here, the tortious-interference claim does not hinge simply on Morris's disseminating information but on her hindering a prospective and known business relationship—Kienow's pending employment with Dayton Children's. The claim alleged by Kienow is not of the same nature as a defamation claim. Ms. Morris did not simply say bad things about her, but, according to the complaint, specifically and intentionally interfered with her prospective business relationship with Dayton Children's. Under these facts, we conclude that the complaint alleges a tortious-interference claim, and the four-year statute of limitations applies.

## B. Application of the Four-Year Statute of Limitations

{¶14} Having determined the applicable statute of limitations, we apply it to the claim asserted by Kienow. Part of her claim was that Morris interfered with her Cincinnati Children's employment by putting information in her personnel file. As discussed above, that happen no later than April 2010, more than four years before Kienow filed her complaint. That part of the claim was untimely.

{¶15} The other part of her claim—the interference with her job prospects at Dayton Children's—occurred sometime in January 2012, when Morris allegedly made negative statements about Kienow to the hiring manager at Dayton Children's. That part was timely filed.

## C. The Complaint Sufficiently Stated a Claim for Tortious Interference

{¶16} Cincinnati Children's rejoins that, regardless of the statute of limitations, the complaint did not state a claim for tortious interference because Kienow failed to plead facts to overcome the statutory privilege due employers who share information about employees with prospective employers.

{¶17}   R.C. 4113.73(B) provides that "[a]n employer who is requested by * * * a prospective employer of an employee to disclose * * * job performance" information is not liable for damages resulting therefrom  unless the employee establishes that the information was disclosed maliciously, in bad faith, with a deliberate intent to mislead or as an unlawful discriminatory practice.  Cincinnati Children's maintains that Kienow's complaint did not plead facts to overcome the statutory privilege.  But it is not obvious on the face of the complaint that the privilege applied: there was no allegation that Dayton Children's "requested" information from Cincinnati Children's or Morris.  Ms. Kienow was not required to plead to defeat a potential privilege not obvious on the face of the complaint.  *See Gall v. Dye*, 9th Dist. Lorain 98CA007183, 1999 Ohio App. LEXIS 4147, *8 (Sept. 8, 1999).  Thus, the complaint sufficiently stated a claim for tortious interference.

## V.  Conclusion

{¶18}   The sole assignment of error is overruled in part and sustained in part. The trial court properly dismissed the claims for defamation and negligent supervision because they were untimely.  The tortious-interference claim, to the extent it referred to actions done before April 2010, was also untimely.  But the part of the claim that alleged Morris had made statements to Dayton Children's in January 2012 was timely and stated a claim.  The court erred when it granted the motion to dismiss with respect to that part of the claim.  We reverse that part of the judgment and remand the case for further proceedings.  In all other respects, the judgment is affirmed.

Judgment accordingly.

**HENDON, P.J.,** and **FISCHER, J.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.