[Cite as *Readinger v. Mun. Constr. Equip. Operators*, 2019-Ohio-1436.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

|  |  |  |
|---|---|---|
| RICHARD N. READINGER, ET AL., | : | |
| Plaintiffs-Appellants, | : | |
|  |  | No. 107228 |
| v. | : | |
| MUNICIPAL CONSTRUCTION EQUIPMENT OPERATORS, ET AL. | : | |
|  | : | |
| Defendants-Appellees. | : | |
|  | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 18, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-887938

***Appearances:***

Traska Law Firm, L.L.C., Michelle L. Traska and Peter D. Traska, *for appellants.*

Climaco Wilcox Pecta Tarantino & Garafoli, Co., L.P.A., Scott D. Simpkins and Stewart D. Roll, *for appellees.*

RAYMOND C. HEADEN, J.:

{¶ 1} Plaintiffs-appellants Richard N. Readinger ("Readinger"), Darby Svoboda, David Pollard ("Pollard"), Willie Highsmith, and William Medlea (collectively "Plaintiffs") appeal from the trial court's decision to grant defendants-

appellees Municipal Construction Equipment Operators' Labor Council ("MCEOLC") and Stewart D. Roll's ("Roll") (collectively "Defendants") motion to dismiss. For the reasons that follow, we affirm.

## Procedural and Substantive History

{¶ 2} MCEOLC is a public employee union formed in 2003 and organized under Chapter 4117 of the Ohio Revised Code. Plaintiffs are current or former union members.

{¶ 3} On March 25, 2017, Plaintiff Readinger and other employees filed an unfair labor practice charge (the "Readinger ULP") with the Ohio State Employment Relations Board ("SERB"), alleging that MCEOLC had engaged in unfair labor practices pursuant to R.C. 4117.11(B)(1) and 4117.11(B)(6). The statute provides that it is an unfair labor practice for an employee organization, its agents, or representatives to "[r]estrain or coerce employees in the exercise of the rights guaranteed in Chapter 4117" or to "[f]ail to fairly represent all public employees in a bargaining unit." Specifically, Readinger alleged the following:

> Through attorney Stewart D. Roll, MCEOLC engaged in a continuing course of conduct intended to keep their members in the City of Cleveland Water Department from discontinuing their representation with MCEOLC, and electing their new representative union. This conduct occurred from the end of the term of the previous CBA between the labor council and the City of Cleveland (March 31, 2016), and continued through court proceedings on February 7, 2017, if not later. Mr. Roll used council members' dues to pay himself to pursue several legal actions before SERB, and in Ohio Courts, attempting to thwart the members' election of a new union. In addition, Mr. Roll filed several lawsuits in 2017 against former MCEOLC members, seeking collection of dues, even after using dues for the improper purpose outlined here.

The charging parties believe that investigation is likely to reveal additional ULPs as well.

{¶ 4} On October 26, 2017, SERB dismissed the Readinger ULP with prejudice for lack of probable cause to believe the statute had been violated, finding that Readinger failed to provide sufficient information or documentation to support violations of R.C. 4117.11(B)(1) or 4117.11(B)(6). In its dismissal, SERB noted that it "does not have the statutory authority to require MCEOLC to provide an accounting to its members as was requested by the Charging Parties" because "[p]roviding an accounting is purely a contractual matter, with no arguable statutory violation."

{¶ 5} On June 14, 2017, Plaintiff Pollard and other employees filed a separate unfair labor practice charge (the "Pollard ULP") with SERB, also alleging violations of R.C. 4117.11(B)(1) and 4117.11(B)(6). Specifically, Pollard alleged the following:

> Through attorney Stewart D. Roll, MCEOLC is restraining and coercing employees in the exercise of their rights, and failing to fairly represent all public employees in the bargaining unit, as follows:
>
> 1. MCEOLC refuses to provide any accounting to its members of how union dues are spent * * * MCEOLC will not answer member questions about its expenditures for "professional services," even though these comprise about 80% of its annual spending.
>
> 2. MCEOLC has refused to hold meetings or officer elections in accordance with its own by-laws. The council's annual reports list the same two persons as the only officers since 2003.
>
> 3. Attorney Roll and MCEOLC have a history of engaging in intimidation and retaliatory action, including making aggressive inquiries as to Mr. Pollard and others who support this ULP, and threatening the members with other adverse consequences for exercising their rights under the bylaws.

{¶ 6} On September 14, 2017, SERB dismissed the Pollard ULP with prejudice for lack of probable cause to believe the statute had been violated. Specifically, SERB found as follows:

> The investigation revealed no probable cause existed to believe the Charged Party violated R.C. 4117.11. Information gathered during the Investigation revealed that the Union has latitude in conducting its internal Union matters. On June 12, 2017, the Union's Counsel responded to Mr. Pollard's June 2, 2017 Request for Accounting letter informing him that Article 9.4 of the By-laws permitted an examination of the accounts by the members and that, to date, he had not made any request to examine the Union's accounts. The letter also advised Mr. Pollard that detailed bills for legal services contained "privileged material" and would not be made available for member review. Mr. Pollard did not provide any information or documentation to show that he pursued any internal remedies for reviewing the Union's accounts other that his June 2, 2017 letter. It must be noted that there is no statutory requirement that governs how many meetings or elections a Union must conduct and therefore, based on the information provided by the parties, the Union's actions do not rise to the level of (B)(1) and (6) violations of the statutes.
>
> The investigation also reveals that since Mr. Pollard did not formally amend the instant charge, but filed a Motion requesting the Board to grant him leave to file an amended charge, and the fact that the three (3) individuals listed in his Motion are no longer employed by the City of Cleveland or are current members of the Union, the three (3) individuals lack standing to be included in the instant charge because they are no longer in the employ of a public employer. Accordingly, the charge is dismissed with prejudice for lack of probable cause to believe the statute has been violated.

{¶ 7} On October 24, 2017, Plaintiffs filed a complaint in the Cuyahoga County Court of Common Pleas alleging three counts: Count 1, breach of fiduciary duty; Count 2, breach of contract; and Count 3, defamation. These claims all arise from Plaintiffs' current or former positions as employees of the city of Cleveland with MCEOLC being the current or former certified bargaining representative for

Plaintiffs. Plaintiffs filed suit to require MCEOLC to provide an accounting as to how it spends the membership dues it collects. The allegations in the complaint largely mirrored those in the Readinger and Pollard ULPs previously dismissed by SERB.

{¶ 8} On November 7, 2017, Defendants filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and 12(B)(6). Defendants asserted that Plaintiffs' claims for breach of contract and breach of fiduciary duty were subject to the exclusive jurisdiction of SERB. Defendants also asserted that the defamation claim was barred by the one-year statute of limitations. On December 4, 2017, Plaintiffs filed a brief in opposition to Defendants' motion to dismiss.

{¶ 9} On January 29, 2018, the trial court ordered the parties to submit additional briefing on Defendants' motion to dismiss. On February 16, 2018, MCEOLC submitted additional briefing. On March 9, 2018, Plaintiffs submitted additional briefing. On April 25, 2018, the trial court granted Defendants' motion to dismiss and issued a corresponding opinion and judgment entry. The trial court found that it had no jurisdiction over Plaintiffs' breach of contract and breach of fiduciary duty claims, because the claims were restatements of claims within SERB's exclusive jurisdiction. The trial court also found that Plaintiffs' defamation claim was barred by the statute of limitations.

{¶ 10} It is from this decision that Plaintiffs appeal, presenting two assignments of error for our review.

## Law and Analysis

{¶ 11}  In Plaintiffs' first assignment of error, they argue that the trial court erred in concluding that it had no jurisdiction over Plaintiffs' contract-based claims against MCEOLC.

{¶ 12}  In Plaintiffs' second assignment of error, they argue that the trial court lacked sufficient information within the pleadings to conclude that the defamation claim was untimely.

## Jurisdiction

{¶ 13}  In reviewing a trial court's ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction, appellate courts apply a de novo standard of review.  *Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 2016-Ohio-5934, 71 N.E.3d 655, ¶ 8 (8th Dist.), citing *Crestmont Cleveland Partnership v. Ohio Dept. of Health*, 139 Ohio App.3d 928, 936, 746 N.E.2d 222 (10th Dist.2000).  This court conducts an independent review of the record and arrives at its own conclusions without deference to the trial court's decision.  *Id.*

{¶ 14}  The standard for determining a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction is "'whether any cause of action cognizable by the forum has been raised in the complaint.'"  *Mun. Constr. Equip. Operators' Labor Council*, quoting *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989).

{¶ 15}  In the instant case, the parties' dispute centers on whether the Plaintiffs' claims are subject to the exclusive jurisdiction of SERB.  In enacting R.C.

Chapter 4117, Public Employees' Collective Bargaining, the legislature "established a comprehensive framework for the resolution of public-sector labor disputes by creating a series of new rights and setting forth specific procedures and remedies for the vindication of those rights." *State ex rel. Cleveland v. Sutula*, 127 Ohio St.3d 131, 2010-Ohio-5039, 937 N.E.2d 88.

{¶ 16} Specifically, Chapter 4117 provides that public sector employees have the right to be free from unfair labor practices, as defined therein, and that such practices are remediable by SERB. R.C. 4117.11(B)(1) provides that it is an unfair labor practice for an employee organization or its agents or representatives to "[r]estrain or coerce employees in the exercise of the rights guaranteed in Chapter 4117 of the Revised Code." The statute goes on to explicitly state that it "does not impair the right of an employee organization to prescribe its own rules with respect to the acquisition or retention of membership therein." R.C. 4117.11(B)(6) provides that it is an unfair labor practice for an employee organization or its agents or representatives to "[f]ail to fairly represent all public employees in a bargaining unit." Further, R.C. 4117.19 prescribes certain requirements that employee organizations must follow, including filing an annual financial report, maintaining bylaws requiring an accurate accounting of all income and expenses, and requiring periodic officer elections.

{¶ 17} SERB was created by R.C. 4117.02. The Ohio Supreme Court has held that SERB "has exclusive jurisdiction to matters committed to it pursuant to

R.C. Chapter 4117." *Franklin Co. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9*, 59 Ohio St.3d 167, 572 N.E.2d 87 (1991).

> Exclusive jurisdiction to resolve unfair labor practice charges is vested in SERB in two general areas: (1) where one of the parties filed charges with SERB alleging an unfair labor practice under R.C. 4117.11 and (2) where a complaint brought before the common pleas court alleges conduct that constitutes an unfair labor practice specifically enumerated in R.C. 4711.11.

*State ex rel. Ohio Dept. of Mental Health v. Nadel*, 98 Ohio St.3d 405, 2003-Ohio-1632, 786 N.E.2d 49, ¶ 23, citing *E. Cleveland v. E. Cleveland Firefighters Local 500, I.A.F.F.*, 70 Ohio St.3d 125, 127-128, 637 N.E.2d 878 (1994). A party's rights that are independent of those enumerated in R.C. 4117.11 may be heard in common pleas court, but for "claims that arise from or depend on the collective bargaining rights created by R.C. Chapter 4117[,]" the remedies provided therein are exclusive. *Id.*

{¶ 18} According to MCEOLC, the fact that Plaintiffs filed ULP charges with SERB and SERB dismissed the charges with prejudice indicates that SERB has exclusive jurisdiction over Plaintiffs' claims here. According to Plaintiffs, the precise language of SERB's dismissal of the ULP charges indicates that the opposite is true. Plaintiffs emphasize that in dismissing the Readinger ULP, SERB stated that the relief they requested, providing an accounting, is "a purely contractual matter, with no arguable statutory violation."

{¶ 19} Here, Plaintiffs' allegations arise from the collective bargaining rights codified in R.C. Chapter 4117. The allegations primarily concerned MCEOLC's

duties and responsibilities to Plaintiffs by virtue of its status as their certified bargaining representative pursuant to R.C. Chapter 4117. Plaintiffs' attempt to characterize their claims as arising from their contractual relationship with MCEOLC, and specifically from MCEOLC's bylaws. This contractual relationship, they insist, exists independently from their relationship with their employer. Therefore, according to Plaintiffs, their claims do not arise from or depend on the collective bargaining rights codified in R.C. Chapter 4117.

{¶ 20} The Ohio Supreme Court has rejected a similar argument where plaintiff employees sought to characterize their claims as relying exclusively on their union's constitution. *Franklin Cty. Law Enforcement Assn. v. Fop*, 59 Ohio St.3d 167, 572 N.E.2d 87 (1991). The court acknowledged that while "union members can have common-law contractual rights that exist independently of R.C. Chapter 4117," the plaintiffs were unable to point to any provision of their union's constitution in making their claim. *Id.* at 171. Because the plaintiffs' claims as pleaded were "inextricably intertwined with rights purportedly created and imposed by R.C. Chapter 4117," plaintiffs were thus limited to the remedies and procedures provided in that chapter. *Id.*

{¶ 21} The Supreme Court's rationale is equally applicable here. R.C. 4117.19(C) provides organizational requirements as follows:

> The constitution or bylaws of every employee organization shall:
> (1) Require that the organization keep accurate accounts of all income and expenses, prepare an annual financial report, keep open for inspection by any member of the organization its accounts, and make

loans to officers and agents only on terms and conditions available to all members;

(2) Prohibit business or financial interests of its officers and agents, their spouses, minor children, parents, or otherwise, in conflict with the fiduciary obligation of such persons to the organization;

(3) When specifically requested by the board, require every official who is designated as a fiscal officer of an employee organization and who is responsible for funds or other property of the organization or trust in which an organization is interested, or a subsidiary organization be bonded with the amount, scope, and form of the bond determined by the board;

(4) Require periodic elections of officers by secret ballot subject to recognized safeguards concerning the equal right of all members to nominate, seek office, and vote in the elections, the right of individual members to participate in the affairs of the organization, and fair and equitable procedures in disciplinary actions.

R.C. 4117.19(E) provides that SERB may:

Withhold certification of an employee organization that willfully refuses to register or file an annual report or that willfully refuses to comply with other provisions of this section. The board may revoke a certification of an employee organization for willfully failing to comply with this section. The board may enforce the prohibitions contained in this section by petitioning the court of common pleas of the county in which the violation occurs for an injunction. Persons complaining of a violation of this section shall file the complaint with the board.

The express language in R.C. 4117.19(E) provides that it is SERB that "may enforce" the provisions of R.C. 4117.19 related to an employee organization's internal financial affairs. Although Plaintiffs characterize their claims as being grounded in common-law contractual rights, their breach of contract and breach of fiduciary duty claims are inextricably intertwined with the collective bargaining rights and framework exclusively within the jurisdiction of SERB. Therefore, we find that the trial court properly dismissed Plaintiffs' breach of contract and breach of fiduciary duty claims for lack of subject matter jurisdiction, because Chapter 4117 provided

Plaintiffs with multiple remedies for the conduct complained of in their complaint. Plaintiffs' first assignment of error is overruled.

## Statute of Limitations

{¶ 22} In their second assignment of error, Plaintiffs argue that the trial court lacked sufficient information within the pleadings to conclude that their defamation claim was untimely.

{¶ 23} We review the trial court's dismissal pursuant to Civ.R. 12(B)(6) de novo. *Graham v. Lakewood*, 2018-Ohio-1850, 113 N.E.3d 44, ¶ 47 (8th Dist.). A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim should not be granted "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), quoting *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

{¶ 24} In the third count of their complaint, Plaintiffs alleged that defendant Roll accused plaintiff Readinger of lying in an email sent on or about October 24, 2016.[1] Plaintiffs' complaint states that the email is attached thereto, but the complaint includes no attachments. MCEOLC included an affidavit and several exhibits with its motion to dismiss; one of these exhibits is an email thread containing the allegedly defamatory email. The timestamp on the email shows that it was sent by Roll on October 23, 2016.

---

[1] In the facts section of the complaint, Plaintiffs reference an email from October 24, 2016. In the allegations of Count 3 of the complaint, they describe the email as having been sent on October 24, 2017, which we infer is a typo.

{¶ 25} The tort of defamation is subject to a one-year statute of limitations. R.C. 2305.11(A); *T.S. v. Plain Dealer*, 194 Ohio App.3d 30, 2011-Ohio-2935, 954 N.E.2d 213, ¶ 6 (8th Dist.). MCEOLC alleges that Plaintiffs' defamation claim was time-barred because it arose from an email sent on October 23, 2016, one year and one day prior to the filing of the complaint in this case. Plaintiffs argued to the trial court that the statute of limitations does not bar their defamation claim because the dissemination of the email was not completed on October 23, 2016, and the email was likely republished at a later date because Roll instructed the recipients of the email to forward it to other parties. On appeal, Plaintiffs argue that the email is part of a chain dated October 24, 2016, and the timestamp on Roll's email does not clearly establish that it was published on October 23 and not October 24. None of Plaintiffs' arguments are persuasive. Plaintiffs do not explain why the October 23 timestamp is not definitive proof that Roll's email was sent on October 23, regardless of subsequent emails in the thread having been sent at a later date. Further, courts have consistently rejected arguments regarding subsequent publication of defamatory statements controlling for purposes of the statute of limitations. "It is well settled 'in terms of publications the right to file on a cause of action * * * accrues upon the first publication of the matter complained of.'" *T.S.* at ¶ 7 (8th Dist.), quoting *Guccione v. Hustler Magazine*, 64 Ohio Misc. 59, 413 N.E.2d 860 (C.P.1978). Adopting the argument advanced by Plaintiffs to use any subsequent publication date "would result in an interpretation of R.C. 2305.11 in

which the statute of limitations would never toll in libel cases" so long as an email was forwarded to a third party. *Id.*

{¶ 26} In light of the foregoing, we conclude that the trial court did not err in dismissing Plaintiffs' defamation claim. Plaintiffs' second assignment of error is overruled.

{¶ 27} Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

PATRICIA ANN BLACKMON, P.J., and
ANITA LASTER MAYS, J., CONCUR