[Cite as *Hester v. Case W. Res. Univ.*, 2019-Ohio-1991.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CRYSTAL HESTER,                          :

    Plaintiff-Appellant,           :
                             No. 107492
    v.                             :

CASE WESTERN RESERVE             :
UNIVERSITY
                               :
    Defendant-Appellee.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 23, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-15-843609

---

*Appearances:*

Crystal Hester, *pro se.*

Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Amanda
T. Quan and John Gerak, *for appellee.*

EILEEN A. GALLAGHER, J.:

{¶ 1}   Plaintiff-appellant Crystal Hester appeals pro se after the trial court granted summary judgment to her former employer, defendant-appellee Case Western Reserve University ("CWRU") on her claims for defamation and tortious interference with employment relationship. We affirm.

**Factual and Procedural Background**

{¶ 2} As previously set forth in *Hester v. Case W. Res. Univ.*, 8th Dist. Cuyahoga No. 104415, 2017-Ohio-103, Hester asserted ten claims against CWRU after it terminated her employment. The trial court disposed of all claims, resolving each in favor of CWRU pursuant to either Civ.R. 12(B)(6) or 56. *Id.* On appeal, this court affirmed the trial court's judgment except as to its Civ.R. 12(B)(6) dismissal of Hester's defamation and tortious interference claims. *Id.* This court remanded the case for further determination of those two claims, only. *Id.*

{¶ 3} As to Hester's defamation claim, this court found that the claim should have survived CWRU's Civ.R. 12(B)(6) motion to dismiss because it could not determine from the face of the complaint that the statute of limitations had expired. *Id.* at ¶ 33.

{¶ 4} As to Hester's tortious interference claim, this court noted the claim was in part predicated on her assertion that "a CWRU employee interfered with an 'external employer,' causing her to lose her job with that employer," and found that the claim should not have been dismissed to the extent that she claimed CWRU "interfered with another third-party employer * * *." *Id.* at ¶ 37-39.

{¶ 5} On remand, the trial court granted summary judgment to CWRU on Hester's two remaining claims. It found that Hester's defamation claim was time barred based on conclusive evidence in the record that she did not bring it within the one-year statute of limitations. Moreover, the court found the defamation claim failed on its merits because Hester could not demonstrate that CWRU published any

defamatory statement to either of the third-party employers that she claimed it did. As to the tortious interference claim, the trial court found that claim was time barred and also failed on its merits. The trial court found that there was no evidence that CWRU communicated with, or took any other action with, a third-party employer or that CWRU lacked privilege to do so.

**Law and Analysis**

**Standard of Review**

{¶ 6} We review summary judgment rulings de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). We accord no deference to the trial court's decision and conduct an independent review of the record to determine whether summary judgment is appropriate.

{¶ 7} Under Civ.R. 56, summary judgment is appropriate when no genuine issue exists as to any material fact and, viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party entitling the moving party to judgment as a matter of law.

{¶ 8} On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving

party has the reciprocal burden to point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id.* at 293. Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Id.*

**Hester's Defamation Claim**

{¶ 9} Defamation is a false publication "'made with some degree of fault, reflecting injuriously on a person's reputation, or exposing a person to public hatred, contempt, ridicule, shame or disgrace, or affecting a person adversely in his or her trade, business or profession.'" *Am. Chem. Soc. v. Leadscope, Inc.*, 133 Ohio St.3d 366, 2012-Ohio-4193, 978 N.E.2d 832, ¶ 77, quoting *Jackson v. Columbus*, 117 Ohio St.3d 328, 2008-Ohio-1041, 883 N.E.2d 1060, ¶ 9. Libel is a defamatory statement expressed in a fixed medium such as writing. *Black's Law Dictionary* 1055 (10th Ed.2014). Slander is a defamatory assertion expressed in a transitory medium such as speech. *Black's Law Dictionary* 1600 (10th Ed.2014).

{¶ 10} To establish a defamation claim, a plaintiff must show: "(1) that a false statement of fact was made, (2) that the statement was defamatory, (3) that the statement was published, (4) that the plaintiff suffered injury as a proximate result of the publication, and (5) that the defendant acted with the requisite degree of fault in publishing the statement." *Am. Chem. Soc.* at ¶ 77, citing *Pollock v. Rashid*, 117 Ohio App.3d 361, 368, 690 N.E.2d 903 (1st Dist.1996).

{¶ 11} A cause of action for defamation is governed by a one-year statute of limitations. R.C. 2305.11(A) ("An action for libel [or] slander * * * shall be

commenced within one year after the cause of action accrued * * *.").  A defamation claim accrues at the time the alleged defamatory statement is first published to a third party.  *T.S. v. Plain Dealer*, 194 Ohio App.3d 30, 2011-Ohio-2935, 954 N.E.2d 213, ¶ 7 (8th Dist.) ("It is well settled that in terms of publications the right to file suit on a cause of action for libel accrues upon the first publication of the matter complained of."); *see also Singh v. ABA Publishing ABA*, 10th Dist. Franklin No. 02AP-1125, 2003-Ohio-2314, ¶ 22 ("[T]he statute of limitations for defamation * * * begins to run at the time the words are written or spoken, not when the plaintiff became aware of them.").  Accordingly, an otherwise valid defamation claim will nevertheless be time barred if the plaintiff does not bring it within one year after it is first published.

{¶ 12} In this case, assuming that Hester articulated a viable claim for defamation, which as discussed below is not supported by the record, her claim is nevertheless time barred because she failed to bring it within the applicable one-year statute of limitations.[1]

{¶ 13} As Hester articulated in her deposition, her defamation claim is based on defamatory statements that she claims CWRU published to two entities, PNC Bank and the Federal Reserve Bank of Cleveland.[2]  She claims that because CWRU

---

[1] In her brief Hester argues that her defamation claim should instead be subject to a "common law" two-year statute of limitations.  However, this court previously determined that Hester's claim is governed by the one-year statute of limitations pursuant to R.C. 2305.11(A).  *Hester* at ¶ 27-28.

[2] This court previously found that CWRU's allegedly defamatory statements "which appear to mainly be related to performance reviews * * * [did] not in and of themselves

published the statements, PNC terminated her employment and the Federal Reserve Bank declined to offer her a job.

{¶ 14} The undisputed evidence is that PNC hired Hester on March 25, 2013 and terminated her on May 3, 2013 within the bank's probationary period for new employees. Hester contends that the Federal Reserve Bank denied her employment on or before March 7, 2013. Hester did not file her complaint against CWRU until April 3, 2015, two years after she alleges it made the defamatory statements. Clearly then, Hester's defamation claim is outside of the one-year statute of limitations established by R.C. 2305.11(A) and is thus time barred.

{¶ 15} Nevertheless, even were we to assume that Hester's defamation claim is not time barred it would otherwise fail on the merits. There is no evidence in the record that CWRU published a defamatory statement to PNC or the Federal Reserve. *See Hecht v. Levin*, 66 Ohio St.3d 458, 460, 613 N.E.2d 585 (1993) ("The publication of defamatory matter is an essential element to liability for defamation."). Although Hester claimed that CWRU put defamatory material in her personnel file and further published that material to third-party employers there is no evidence in the record by which we can conclude as much.

{¶ 16} Rather, the undisputed evidence in the record indicates the contrary. For example, the person at PNC who hired, supervised and fired Hester averred that

---

trigger the running of the statute of limitations. That is, in order to be defamatory, the statements must be published, which according to Hester, they were when CWRU shared them with potential employers * * *." *Hester*, 8th Dist. Cuyahoga No. 104415, 2017-Ohio-103, at ¶ 30.

he "never communicated with anybody at CWRU regarding her prior employment at (or termination from) CWRU," that he was "not aware that [CWRU] terminated Ms. Hester's employment" and that her termination from PNC was instead due to her "unsatisfactory job performance" while employed there.

{¶ 17} CWRU is therefore entitled to summary judgment on Hester's defamation claim.

**Hester's Tortious Interference with Employment Relationship Claim**

{¶ 18} To establish a tortious interference claim a plaintiff must show: (1) a business relationship or contract; (2) the wrongdoer's knowledge of the relationship or contract; (3) the wrongdoer's intentional and improper action taken to prevent a contract formation, procure a contractual breach, or terminate a business relationship; (4) a lack of privilege; and (5) resulting damages. *Byrne v. Univ. Hosps.*, 8th Dist. Cuyahoga No. 95971, 2011-Ohio-4110, ¶ 28 citing *Castle Hill Holdings, L.L.C. v. Al Hut, Inc.*, 8th Dist. Cuyahoga No. 86442, 2006-Ohio-1353, ¶ 46.

{¶ 19} Generally, a cause of action for tortious interference is governed by a four-year statute of limitations. *See* R.C. 2305.09(D); *Smith v. Natl. W. Life*, 8th Dist. Cuyahoga No. 104898, 2017-Ohio-4184. However, as this court has previously observed, "[c]ourts have overwhelmingly found that if a defamation claim fails on the statute of limitations, so too must a tortious interference claim based on the same conduct as the defamation claim." *Smith* at ¶ 13 (citing cases); *see also Peterson v. Teodosio*, 34 Ohio St.2d 161, 173, 297 N.E.2d 113 (1973) ("The ground of

the action and the nature of the demand determine which statute of limitation is applicable."); *see also Henderson v. Ryan*, 13 Ohio St.2d 31, 35, 233 N.E.2d 506 (1968) ("[M]ultifold aspects of the same wrongful act * * * do not permit multiple suits."). As such, "[w]hen determining which statute of limitations applies, 'courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded.'" *Kienow v. Cincinnati Children's Hosp. Med. Ctr.*, 1st Dist. Hamilton No. C-140720, 2015-Ohio-4396, ¶ 12, quoting *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984).

{¶ 20} As pleaded in her amended complaint, Hester's defamation and tortious interference claims are both predicated on the same conduct: CWRU's alleged publication of her employee file,[3] which she claims contained defamatory material. *Compare Kienow* at ¶ 13 (four-year statute of limitations applied to tortious interference claim where that claim was predicated on different act than defamation claim). Accordingly, our disposition of Hester's defamation claim governs our disposition of her tortious interference claim and we accordingly find it is likewise time barred.

{¶ 21} However, if Hester's tortious interference claim is not time barred, it nevertheless fails on its merits. There is no evidence in the record that establishes CWRU knew of Hester's employment at PNC Bank or that it took any improper action with regard to it. To the contrary, as previously stated, Hester's supervisor at

---

[3] As this court previously noted, as to tortious interference, Hester alleged "a CWRU employee interfered with an 'external employer,' causing her to lose her job with that external employer." *Hester* at ¶ 38.

PNC Bank averred that he had not communicated with CWRU regarding Hester and that she was terminated based on her performance at PNC.

{¶ 22} CWRU is therefore entitled to summary judgment on Hester's tortious interference claim.

{¶ 23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR