[Cite as *Rowan v. Schaffer*, 2019-Ohio-3038.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

HAYES W. ROWAN,                                    :

    Plaintiff-Appellant,                       :

                                           No. 107687

    v.                                         :

MICHAEL SCHAFFER,                                  :

    Defendant-Appellee.                        :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 25, 2019

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-18-896065

*Appearances:*

Hayes W. Rowan, *pro se.*

Michael L. Thal, *for appellee.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Hayes W. Rowan appeals the dismissal of his complaint, in which it was alleged that Michael Schaffer uttered defamatory statements sometime before April 12, 2017. Rowan claimed that the defamation or negligent infliction of emotional distress resulted in his being shunned from his religious community. The trial court dismissed the action under Civ.R. 12(B)(6) concluding that Rowan failed

to state a claim for relief of negligent infliction of emotional distress and that the claims for defamation were barred by the applicable statute of limitations as a matter of law.  We affirm.

{¶ 2}  Rowan met with a religious leader within his church on April 12, 2017. At that time, Rowan claims to have been advised that Schaffer called Rowan "dangerous," "frightening," and an "intermeddler," and as a result of those statements, Rowan was "shunned" or ostracized by the members of his religious community.[1]  Rowan asserted that the shunning, which was alleged to have been caused by Schaffer's defamation, occurred sometime in 2014-2015.  This is fatal to Rowan's claims.  If the shunning Rowan complains of occurred as a result of the defamatory statements as alleged in the complaint, the statements must have been uttered during the 2014-2015 time frame.  The underlying complaint was filed in April 2018.

{¶ 3}  A defamation claim is governed by a one-year statute of limitations under R.C. 2305.11(A) and accrues at the time the alleged defamatory statement is first published to a third party.  *Hester v. Case W. Res. Univ.*, 8th Dist. Cuyahoga No. 107492, 2019-Ohio-1991, ¶ 11, citing *T.S. v. Plain Dealer*, 194 Ohio App.3d 30, 2011-Ohio-2935, 954 N.E.2d 213, ¶ 7 (8th Dist.).  There is no equitable tolling of the

---

[1] Rowan asked Schaffer to provide legal representation on Rowan's behalf to challenge the actions of his mother's guardian.  At that time, Schaffer had retired from the practice of law and allowed his license to practice law to go inactive.  Accordingly, Schaffer could not undertake the representation, which he declined.  Rowan appears to have misconstrued Schaffer's action, claiming that Schaffer's declination somehow condoned the guardian's behavior that Rowan sought to challenge.

statute of limitations for defamation. *Kienow v. Cincinnati Children's Hosp. Med. Ctr.*, 1st Dist. Hamilton No. C-140720, 2015-Ohio-4396, ¶ 8; *Reed v. Jagnow*, 7th Dist. Mahoning No. 12 MA 201, 2013-Ohio-2546, ¶ 25; *Cramer v. Fairfield Med. Ctr.*, 182 Ohio App.3d 653, 2009-Ohio-3338, 914 N.E.2d 447, ¶ 70 (5th Dist.). The mere fact that the subject of the alleged defamation does not discover the statements until after the running of the statute of limitations is of no legal consequence. *Kienow.* Rowan does not challenge the weight of authority on this point but instead appeals to equity to seek reversal.

{¶ 4} Rowan contends that he could not have filed the defamation claim until he became aware of the statements, and thus, the limitations period should not preclude his claims. That is the inherent result of any statute of limitations that is not subject to equitable tolling. Ohio courts have considered, and rejected, that policy consideration with respect to defamation. It is well settled that the discovery rule does not toll the one-year limitations period for defamation claims. Rowan has not presented any basis for diverging from prior pronouncements of black letter law in Ohio. App.R. 16(A)(7). The trial court did not err in dismissing Rowan's defamation claim as being time-barred. After full consideration of the factual allegations set forth in Rowan's complaint and the arguments Rowan advanced before the trial court and in the appellate briefing, we hold that the trial court did not err in concluding the alleged defamatory statements were uttered over a year before the complaint was filed, and the complaint was filed well outside the statute of limitations.

{¶ 5} In addition, the trial court did not err by dismissing the negligent infliction of emotional distress claim. Negligent infliction of emotional distress is a term of legal art. Although Rowan included the claim in the caption of his complaint, the substantive portion is devoid of any allegations constituting negligent infliction of emotional distress as the claim is recognized in Ohio.

{¶ 6} In Ohio, in order to prove such a claim, the plaintiff must present evidence that "(1) the plaintiff was a bystander; (2) the plaintiff reasonably appreciated the peril which took place, whether or not the victim suffered actual physical harm; and (3) the plaintiff suffered serious emotional distress as a result of this cognizance or fear of peril." *Walker v. Firelands Community Hosp.*, 170 Ohio App.3d 785, 2007-Ohio-871, 869 N.E.2d 66, ¶ 59 (6th Dist.), citing *Paugh v. Hanks*, 6 Ohio St.3d 72, 80, 451 N.E.2d 759 (1983). The elements of the claim are simply inapplicable to the claims of defamation and the factual allegations of shunning that Rowan discussed in the complaint. Rowan failed to state a claim for relief cognizable under Ohio law, and Rowan presents no authority upon which we could conclude otherwise. App.R. 16(A)(7). The trial court did not err by dismissing the negligent infliction of emotional distress claim.

{¶ 7} It appears that Rowan is confusing the stand-alone claim of negligent infliction of emotional distress with a measure of damages for emotional distress. Rowan does not dispute that for the legal claim of negligent infliction of emotional distress to be implicated, the plaintiff must have witnessed or experienced a dangerous accident or been subjected to an actual physical peril. *Inskeep v. W. Res.*

*Transit Auth.*, 7th Dist. Mahoning No. 12 MA 72, 2013-Ohio-897, ¶ 25. Inasmuch as Rowan's claims for emotional distress damages could be construed to be a measure of legal damages stemming from the alleged defamation, from which the entire complaint is factually derived, those claims must also fail based on the statute of limitations as previously addressed. Because no claim for defamation can be advanced based on the untimeliness of the filing, any damages stemming from the defamation also fail as a matter of law.

{¶ 8} Finally, Schaffer seeks to sanction Rowan for the filing of a frivolous appeal under App.R. 23 and Loc.App.R. 23. Loc.App.R. 23 permits this court to find a party to be a vexatious litigator "[i]f a party habitually, persistently, and without reasonable cause engages in frivolous conduct[,]" which is defined to include an appeal or original action in the appellate court that "is not reasonably grounded in fact or warranted by existing law." Schaffer cites a multitude of trial and appellate court filings initiated by Rowan. It must first be noted that our local rule is limited to the filing of frivolous appeals or motions within that appeal. A party's conduct before the trial court is a matter within the discretion of the trial court. Although Schaffer sought to declare Rowan a vexatious litigator under R.C. 2323.52, the trial court denied Schaffer's motion, and that decision has not been placed before us. With respect to the habitual aspect of Rowan's appellate filings, although Schaffer cites five previous appeals over a 16-year period that Rowan filed in this district, four of those ended in dismissal based on various procedural grounds or upon Rowan's own motion. In the fifth case, it was concluded that there were reasonable grounds

for the appeal.  *Rowan v. McLaughlin*, 8th Dist. Cuyahoga No. 85665, 2005-Ohio-3473.  We decline to invoke our Loc.App.R. 23 relief to declare Rowan a vexatious litigator based on habitual conduct under these circumstances.

{¶ 9}  Under App.R. 23, if a court of appeals determines that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee, including attorney fees and costs.  We do find the current appeal is not reasonably grounded in fact or warranted by existing law or good faith arguments to modify existing law.  On this basis, Rowan shall be responsible for the court costs associated with this appeal.  We empathize with Schaffer having to pay the costs associated with defending this action; however, the briefing filed by Schaffer was minimal and resulted in an affirmance of the trial court's expedited proceedings.  We do caution, however, that should Rowan file any future motions or appeals in this district, the failure to present arguments warranted by the existing law or good faith arguments for the extension, modification, or reversal of the existing law could subject him to financial sanctions and to being declared a vexatious litigator under Loc.App.R. 23.  *State v. Pruitt*, 8th Dist. Cuyahoga No. 101736, 2015-Ohio-1949, ¶ 7.  As it stands, we decline to award sanctions against Rowan in light of the particular facts of this case.

{¶ 10} The decision of the trial court is affirmed, and the motion for sanctions and to declare Rowan a vexatious litigator is denied.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MICHELLE J. SHEEHAN, J., CONCUR